IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCY B. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv803-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by Quincy B. Jones ("Jones") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Doc. No. 1*.[1] After consideration of the parties' submissions, the record, and the relevant law, the court finds that the § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

**I.   INTRODUCTION**

On September 6, 2012, Jones pled guilty under a plea agreement to use of a telephone with intent to commit a murder-for-hire, in violation of 18 U.S.C. § 1958. The plea agreement contained a waiver provision whereby Jones relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of

---

[1] Document numbers ("*Doc. No.*") referred to in this Recommendation are those assigned by the Clerk in the instant civil action. References to exhibits ("*Ex.*") are to those filed by the Government with its response to the § 2255 motion, *Doc. No. 7*. Page references are to those assigned by CM/ECF.

counsel and prosecutorial misconduct. After a sentencing hearing on November 1, 2012, the district court sentenced Jones to 120 months in prison, to run concurrently with a 200-month sentence imposed on the same date for his conviction for conspiracy to possess with intent to distribute controlled substances.[2] Jones did not appeal.

On October 23, 2013, Jones filed this § 2255 motion, asserting the following claims:

1. There was insufficient evidence to support the murder-for-hire charge and an insufficient factual basis for his guilty plea. *See Doc. No. 1-1* at 2-4.

2. The Government violated his Sixth Amendment rights by planting an informant in his jail cell to elicit incriminating information. *See Doc. No. 1-1* at 2-9.

3. The district court erred engaged in judicial factfinding at sentencing, in violation of *United States v. Booker*, 543 U.S. 220 (2005). *See Doc. No. 1-1* at 4-5.

4. His counsel rendered ineffective assistance by failing to argue that his Sixth Amendment right to counsel was violated when a fellow inmate, acting in cooperation with the FBI, elicited information from him about his planned crime. *See Doc. No. 1-1* at 9-10.

*Doc. No. 1; Doc. No. 1-1.*[3]

## II. DISCUSSION

---

[2] Jones pled guilty on September 19, 2011, to conspiring to possess with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846). The charge in the instant case arose out of Jones's attempt to arrange the murder of a witness connected to the drug conspiracy case. Sentencing in the two cases was consolidated.

[3] Jones's motion contains repetitive and overlapping claims. For organizational and analytical purposes, the court has recast some of his claims in a more appropriate presentation.

A. **Substantive Claims and Waiver Provision in Plea Agreement**

The Government maintains that Jones's substantive claims (i.e., his claims not alleging ineffective assistance of counsel)[4] are barred from review by the waiver provision in his plea agreement. *Doc. No. 7* at 17-18. The court agrees.

The plea agreement contained a waiver provision with the following pertinent language:

DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

    5. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the court for sentencing was not alleged in the indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

    Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law

---

[4] Jones's substantive claims are listed above as Claims 1 through 3.

3

to a jury determination of any fact affecting Defendant's sentence.

*Ex. C* at 9-10. Under this waiver provision, Jones relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Nothing in the record indicates that the waiver in Jones's case was anything but knowing and voluntary. At the change of plea hearing, the magistrate judge ascertained from Jones that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement. *Ex. D* at 4-5. The general terms of the waiver provision were stated in open court, with Jones representing to the court that he understood them. *Id.* at 5-6, 13. Further, the written plea agreement contained Jones's signature under language acknowledging that he had read and understood the plea agreement

and that the matters and facts set forth in the written agreement accurately reflected all representations made to him and all the terms reached. *Ex. C* at 15. Jones does not claim that he did not understand the consequences of the waiver. Under these circumstances, the court finds that Jones understood the full significance of the waiver provision in his plea agreement and that his assent to the waiver was knowing and voluntary. Consequently, the court agrees with the Government that all of Jones's substantive claims (Claims 1 through 3 listed above) are barred from review by the waiver provision in the plea agreement.

Even if these claims are not barred by the waiver provision, they are procedurally defaulted due to Jones's failure to raise them on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). A petitioner can avoid this procedural bar only by showing one of the two exceptions to the procedural default rule:

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for the procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004) (emphasis in original; citations and quotations omitted); *see Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Jones, however, does not attempt to demonstrate cause for his failure to raise his claims on

5

direct appeal.[5] Nor does he present evidence that he is actually innocent of the offense of which he was convicted.[6] Therefore, his substantive claims are barred from collateral review by procedural default.

**B.     Claim Alleging Ineffective Assistance of Counsel**

   *1.     Standard of Review*

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks

---

[5] To establish cause, a petitioner must prove that "some objective factor external to the defense prevented the petitioner or his counsel from raising the claim previously." *Murray v. Carrier*, 477 U.S. 478, 488-92 (1986).

[6] The "actual innocence" exception is exceedingly narrow in scope. *Lynn*, 365 F.3d at 1235 n. 18. " '[A]ctual innocence' means factual innocence, not mere legal innocence." *Bousley*, 523 U.S. at 623.

and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 2. Counsel's Failure to Challenge Government's Use of Inmate/Informer to Obtain Information about Planned Crime

Jones contends that his counsel rendered ineffective assistance by failing to argue that his Sixth Amendment right to counsel was violated when a fellow inmate, acting in cooperation with the FBI, elicited information from him about his plan to hire someone to murder a witness in a drug conspiracy case for which he was awaiting trial. *Doc. No. 1-1* at 2-10.

When Jones's cell mate at the Montgomery City Jail elicited the incriminating information about the murder-for-hire plot, Jones was incarcerated on the charge of conspiring to possess with intent to distribute cocaine base and cocaine hydrochloride. Jones had not been charged with planning a murder-for-hire. Because no prosecution had commenced on a murder-for-hire charge, Jones's Sixth Amendment right to counsel on that charge had not attached, and there was no proscription against the Government's use of the inmate/informer to obtain information from Jones about the planned crime.

In *McNeil v. Wisconsin*, 501 U.S. 171 (1991), the Supreme Court stated:

> The Sixth Amendment right [to counsel] is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information or arraignment.

501 U.S. at 175 (citations and internal quotation marks omitted); *see Texas v. Cobb*, 532 U.S. 162, 167-68 (2001) (citing *McNeil* and holding that a defendant's statements regarding offenses for which he had not been charged were admissible notwithstanding the attachment of his Sixth Amendment right to counsel on other charged offenses). For purposes of the

Sixth Amendment, "being charged in an indictment of committing one offense does not foreclose questioning on a different offense." *United States v. Hall*, 419 F.Supp.2d 279, 285 (E.D. N.Y. 2005) (citing *McNeil*, 501 U.S. at 175). As the Supreme Court has stated:

> The police have an interest ... in investigating new or additional crimes [after an individual is formally charged with one crime.]... [T]o exclude evidence pertaining to charges as to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained, simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities....
>
> Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses.

*McNeil*, 501 U.S. at 175-76 (quoting *Maine v. Moulton*, 474 U.S. 159, 179-180 & 180 n.16 (1985)).

Jones's Sixth Amendment rights were not violated by the Government's use of information about his murder-for-hire plot obtained from his fellow inmate. Consequently, his counsel was not ineffective for failing to raise such an argument. Counsel is not ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Jones is not entitled to relief based on this claim of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Jones be DENIED with prejudice.

The parties may file any objections to this Recommendation on or before December

2, 2015. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 18th day of November, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE